# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SHANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:13CV817 SPM |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be untimely, and the Court will require petitioner to show cause why it should not be summarily dismissed.

The instant petition is incomplete. There is no case number, date of judgment, or date of sentencing for the underlying criminal action. Petitioner did not fill out the portion of the form describing his direct appeal, Rule 24.035 motion for postconviction relief, or the appeal therefrom. Petitioner only specifies one appellate case that he filed, Shannon v. Russell, ED96588 (Mo. Ct. App.). The state court's docket sheet describes that action as an original habeas petition. See Case.net, https://www.courts.mo.gov/casenet/cases/searchDockets.do (accessed May 6, 2013). Petitioner filed the petition on April 13, 2011, and the Missouri Court of Appeals dismissed it on April 14, 2011.

Petitioner filed the instant petition on April 22, 2013, which is the date he placed it in the prison mail system.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Assuming the limitations period did not begin to run until after the state appellate court dismissed the April 2011 habeas petition, the instant petition is untimely. Petitioner would have been required to file the instant action no later than April 14, 2012. Petitioner, however, did not file it until more than a year after the limitations period expired. Therefore, the Court will require petitioner to show cause why the instant action should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than thirty days from the date of this Order, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 8th day of May, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE