# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SHANNON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TERRY RUSSELL, )<br>)<br>Respondent. ) | No. 4:13CV817 SPM |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 8, 2013, the Court reviewed the petition and found that it was both incomplete and untimely, and the Court ordered petitioner to show cause why it should not be summarily dismissed. In response, petitioner has submitted a motion for leave to file an amended petition and a proposed amended petition. The Court will give petitioner leave to file the amended petition. Having reviewed the amended petition and its exhibits, the Court finds that this action should be dismissed as time-barred.

### Background

On September 17, 2007, petitioner pled guilty to tampering, theft, and elder abuse before a trial court in St. Charles County. See Case Nos. 0711-CR00203; 0711-CR01557; 0711-CR01558. On April 14, 2008, the trial court sentenced

petitioner to three seven-year prison sentences, to run concurrently. Petitioner did not file a direct appeal.

On January 28, 2010, petitioner filed a Rule 29.15 motion for postconviction relief in the Circuit Court for St. Charles County. See Case No. 1011-CV00815. On August 24, 2010, the post-conviction court dismissed the motion as untimely.

Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Eastern District on April 13, 2011. See No. ED96588 (Mo. Ct. App.). The appellate court dismissed the petition on April 14, 2011.

Petitioner filed a second petition for writ of habeas corpus in the Missouri Court of Appeals for the Eastern District on October 5, 2012. See No. ED99056 (Mo. Ct. App.). The appellate court dismissed the petition on November 20, 2012.

Petitioner filed the instant petition on April 22, 2013, which is the date he placed it in the prison mail system.

**Standard**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) began to run on April 24, 2008. The limitations period then ran for more than a year, and expired, before petitioner filed his motion for postconviction relief on January 28, 2010. Moreover, because the motion for postconviction relief was untimely, it could not have tolled the limitations period as it was not a "properly filed" application for post-conviction review. Walker v. Norris, 436 F.3d 1026, 1030 (8th Cir.2006). Petitioner has not asserted a basis for equitable

tolling. As a result, the petition is barred by the limitations period, and the Court will dismiss this action without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file an amended petition [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of June, 2013.

 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE