UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SHANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV817 SPM |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion for reconsideration. The motion is denied.

On June 3, 2013, the Court dismissed petitioner's petition for writ of habeas corpus, finding that it was barred by the one-year limitations period in 28 U.S.C. § 2244(d). The limitations period expired in April 2009, and petitioner did not file the instant case until April 2013.

Petitioner seeks equitable tolling of the limitations period on the basis that he was "placed in a string of Ad-Seg units and his misunderstanding of the rules of the courts (due to his well documented learning disabilities and mental health issues)."

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida,

130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

The United States Court of Appeals for the Eighth Circuit has held that "[p]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner's claim that he has been placed in administrative segregation, without more, does not show that extraordinary circumstances stood in his way of filing a timely § 2254 petition. Placement in administrative segregation is commonplace, and prisoners submit filings routinely while placed in administrative segregation. Additionally, petitioner's claim that he suffers from a learning disorder and mental illness does not warrant equitable tolling. Petitioner has not shown that extraordinary circumstances prevented him from filing a timely petition. And

petitioner has not alleged that he was diligently pursuing his rights while he was in administrative segregation. As a result, equitable tolling is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of November, 2013.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE